**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
*Counsel for Plaintiff*
*(Additional counsel appear on signature page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

EBONY HOWARD, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

SOUTHWEST GAS CORPORATION,

Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff EBONY HOWARD, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendant, SOUTHWEST GAS CORPORATION, (hereinafter referred to as "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated Dispatchers who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and attendant regulations at 29 C.F.R. §516, *et seq*.

2. In addition, Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all other similarly situated Dispatchers to recover unpaid overtime wages,

liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violation of Nev. Rev. Stat. Ann. (hereinafter "N.R.S.") §§ 608.016 and 608.018.

3. Defendant Southwest Gas is engaged in the business of purchasing, transporting and distributing natural gas. As the largest distributor of natural gas in Nevada and Arizona, it serves more than 1.9 million customers in the Las Vegas, Phoenix and Tucson metropolitan areas. In addition, it transports and distributes natural gas in large portions of California.

4. Defendant has employed a staff of hourly-paid Dispatchers, including Plaintiff, at their headquarters in Las Vegas, Nevada.

5. Defendant violated the FLSA by failing to pay Dispatchers for pre-shift work including setting up their work stations, booting up their computers, logging into the company phone system, and initiating certain software applications necessary to begin their call center duties as well as for post-shift time spent performing their general duties until their replacements arrived to handoff their assignment.

6. As a result, there were many weeks in which Plaintiff and other Dispatchers were not paid at any rate (let alone 1.5 of their regular rate of pay) for all their hours worked in excess of forty (40).

7. In addition, Defendant failed to incorporate compensation paid to them as shift differentials into their regular rates of pay, for purposes of calculating their hourly overtime rates.

8. The FLSA and N.R.S. require non-exempt employees to be compensated for all hours worked and overtime wages for all hours worked in excess of forty (40) hours in a workweek inclusive of hours worked outside their scheduled shifts pursuant to 29 U.S.C. § 207(a)(1) and N.R.S. § 608.018.

9. As Dispatchers, Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime compensation under the FLSA and N.R.S.

10. Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) of

all Dispatchers employed by Defendant as hourly Dispatchers, for relief for violation of the FLSA, as a collective action, defined as follows:

> *All Dispatchers who worked for the Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

11. Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all Dispatchers of Defendant permitting them to assert FLSA claims in this collective action by filing consent forms.

12. Plaintiff asserts her N.R.S. claims not only individually, but also on behalf of a putative N.R.S. class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Dispatchers who worked for the Defendant in Nevada at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

13. For at least two (2) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

**JURISDICTION AND VENUE**

14. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

15. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because it derives from a common nucleus of operative facts as Plaintiff's federal claim.

16. This Court has personal jurisdiction over Defendant because it does business within the state of Nevada and is registered with the Nevada Department of the Secretary of State (Business ID: NV19571000091).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs Dispatchers in this district, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

**PARTIES**

18. Defendant is a company based in Victorville, California and Las Vegas, Nevada that provides natural gas service to over 2 million residential, commercial, and industrial customers in parts of Arizona, Nevada, and California.

19. Defendant operates and has operated "call centers" in Las Vegas and other locations where telephone-dedicated employees—customer service Dispatchers—handle phone calls with homeowners and technicians on a daily basis to resolve gas issues.

20. Plaintiff is a resident of Las Vegas, Nevada, and was employed by Defendant as an hourly-paid dispatcher from June 2015 to February 2017. Plaintiff Howard signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

**GENERAL ALLEGATIONS**

21. Defendant is an employer as defined under Nev. Rev. Stat. Ann. § 608.011 and 29 U.S.C. § 203(d) of the FLSA.

22. Plaintiff and other Dispatcher were "employees" of Defendant within the meaning of Nev. Rev. Stat. Ann. § 608.011 and 29 U.S.C. § 203(e)(1) of the FLSA.

23. Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

24. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

25. Defendant "suffered or permitted" Plaintiff and other Dispatcher to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

26. Defendant's Dispatchers are hourly-paid, non-exempt employees.

27. In addition to their hourly rates, Dispatchers receive shift differential for working certain shifts.

28. Defendant pays Dispatchers an additional 65 cents per hour worked during "second shift," i.e. a shift that starts at or after noon but before 4:00 p.m.

29. Defendant pays Dispatchers an additional 75 cents per hour worked during "third shift," i.e. a shift that starts at or after 4:00 p.m. but before 6:00 a.m.

30. Dispatchers regularly worked more than forty (40) hours in a workweek.

31. Dispatchers' primary duties are to provide customer support by addressing any gas issues, problems, or requests for service, and effectively communicate any and all pertinent information between customers and technicians.

32. As Dispatchers, Plaintiff and other Dispatchers are responsible for providing any needed assistance to homeowners with gas issues by dispatching technicians to resolve the problem. They must communicate with homeowners and technicians by way of phone and computer.

33. In order to perform their jobs, Dispatchers were required to set up their work stations, boot up their computers, log into the company's phone system, and initiate certain software applications in order to access required information and software.

34. This process took substantial time on a daily basis ranging from approximately 5 to 15 minutes on days where their computers and/or software's applications were not working properly.

35. Dispatchers were told to report to work fifteen minutes prior to their scheduled shifts in order to be ready to immediately begin calls once their shift started.

36. Dispatchers were not compensated for the time spent before their scheduled shifts including the time spent logging onto the computer system and initiating certain software applications necessary to begin their call center duties.

37. The off-the-clock time Dispatchers spend logging onto their computers and downloading software applications directly benefits Defendant.

38. Booting up their computers, logging into the company's phone system, and initiating certain software applications process was an essential part of Plaintiff's and the class's job responsibilities as Dispatchers.

39. The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Dispatchers, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry.

40. One of those abuses, which is at issue in this case, is the employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id.*

41. More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." *Id.*

42. Additionally, Defendant failed to properly compensate Dispatchers for time spent working post-shift performing their general duties until their replacements arrived to handoff their assignment.

43. Dispatchers submit their own timesheets on a bi-weekly basis.

44. Defendant required Dispatchers to submit timesheets that did not include the time spent working pre-shift and post-shift.

45. Dispatchers were instructed to report only the time their shift was scheduled to begin and end.

46. At all relevant times, Defendant controlled Dispatchers' work schedule, duties, protocols, applications, assignments and employment conditions.

47. Despite knowing that Dispatchers performed work at their work stations prior to their scheduled shift time start and after their shift ended, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift and post-shift work and instead allowed and permitted it to happen.

48. Defendant was able to track the amount of time that Dispatchers spent working before and after their scheduled shift; however, Defendant failed to pay Dispatchers for any of the time spent performing pre-shift and post-shift work.

49. Rather, Defendant required, permitted and/or allowed Dispatchers to work prior and after their scheduled shift time for which they were not compensated.

50. Defendant's policies and practices deprived Plaintiff and other Dispatchers of wages owed for the preliminary work activities and post shift work described above.

51. As a result, Plaintiff and other Dispatchers were deprived of overtime pay at a rate of 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

52. In addition, Defendant failed to incorporate compensation paid to Dispatchers as shift differentials into their regular rates of pay, for purposes of calculating their hourly overtime rates.

53. Under FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co*., 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

*54.* The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid. *Id.*

55. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation.

56. The burden is on Defendant to establish that any payment satisfies the criteria for exclusion from the regular rate set forth in 29 U.S.C. § 207(e). *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000).

57. The shift differentials Defendant paid Dispatchers for working second and third shifts did not meet any of the criteria in 29 U.S.C. § 207(e) for exclusion from the regular rate.

58. Defendant employed Plaintiff Ebony Howard to work as a full-time Dispatcher at its dispatch department in Las Vegas, Nevada. Plaintiff typically worked a shift that began at 3:00 p.m. and concluded at 1:00 a.m.

59. Plaintiff's most recent hourly rate was $27.59 per hour.

60. In addition to her hourly rate, Plaintiff also received shift differential pay.

61. As a Dispatcher, Plaintiff was scheduled to work four (4) shifts per week, approximately ten (10) hours per day without a lunch break.

62. Plaintiff regularly worked over forty (40) hours per week.

63. At all relevant times, Defendant's policies and practices deprived Plaintiff of wages owed for the preliminary work activities and post shift work described above.

64. For example, in the workweek of February 1, 2016 through February 7, 2016, Plaintiff worked over forty (40) hours and was not paid for additional time spent performing pre-shift and post-shift work. As a non-exempt employee, Plaintiff was entitled to full compensation for all overtime hours worked at a rate of 1.5 times her "regular rate" of pay.

65. In addition, Defendant failed to incorporate the shift differentials paid to Plaintiff into its regular hourly rate calculations, which caused Plaintiff to receive an overtime rate in such weeks that was less than one and one-half times her regular rate.

66. For example, in the paystub dated December 4, 2015, Plaintiff was paid $962.40 for 40 regular hours and plus $324.81 for 9 overtime hours. In addition, Plaintiff received $26.98 in shift differential pay for 41 hours worked during "second shift." Defendant used the regular rate of pay of $24.06 per hour to calculate Plaintiff's overtime rate of $36.09 per hour. This was unlawful because Plaintiff's regular rate – and thus her overtime rate – failed to account for the $26.98 in shift differential pay that Plaintiff received.

67. Defendant employs hundreds of Dispatchers, and knew or should have known that Plaintiff and other Dispatchers' time spent in connection performing pre-shift and post-shift work compensable under the FLSA, N.R.S. §§ 608.016 and 608.018.

68. At all relevant times alleged herein, Plaintiff and other Dispatchers have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA and N.R.S.

69. In addition, Defendant failed to keep certain records of total number of hours

actually worked by employees each workweek and thus Dispatchers were not properly paid for all hours worked.

70. The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c). The N.R.S. has similar requirements in its record-keeping provision. Nev. Rev. Stat. Ann. § 608.115.

71. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

72. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current FLSA collective and Rule 23 class members were subjected to the same wrongful policies, practices, and/or procedures.

**COLLECTIVE ACTION ALLEGATIONS**

73. Plaintiff re-alleges and incorporates all previous paragraphs herein.

74. Plaintiff asserts the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *All Dispatchers who worked for the Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

75. Members of the FLSA collective are all improperly compensated for the time spent performing pre-shift and post-shift work.

76. As a result of the foregoing policies, there were many weeks in which Defendant failed to compensate members of the FLSA Collective at an overtime premium rate of not less

than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

77. In addition, Defendant was required to and/or failed to calculate the FLSA Collective overtime pay by including shift differential in calculating their regular rates of pay.

78. Plaintiff brings this Collective Action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

79. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

80. The precise number and identities of Collective members should be readily available from a review of Defendant's personnel and payroll records.

81. The Collective Action further alleges a willful violation of the FLSA and which triggers by a third year of the limitations period.

82. Defendant is aware that the FLSA applies to its business and it is required to adhere to the rules under the FLSA.

83. Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

**RULE 23 NEVADA CLASS ACTION ALLEGATIONS**

84. Plaintiff re-alleges and incorporates all previous paragraphs herein.

85. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All Dispatchers who worked for the Defendant in Nevada at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

(hereinafter referred to as the "Rule 23 Nevada Class"). Plaintiff reserves the right to amend this definition as necessary.

86. The members of the Rule 23 Nevada Class are so numerous that joinder of all Rule 23 Nevada Class members in this case would be impractical.

87. Rule 23 Nevada Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

88. There is a well-defined community of interest among Rule 23 Nevada Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nevada Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the preliminary time Rule 23 Nevada Class members spent performing pre-shift and post-shift work is compensable time;

b. Whether Rule 23 Nevada Class members are owed overtime (above the federally mandated overtime wages due under the FLSA) for time spent performing preliminary and post-shift work activities, and if so, the appropriate amount thereof.

89. Plaintiff's claims are typical of those of the Rule 23 Nevada Class in that they and all other Rule 23 Nevada Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Nevada Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Nevada Class members.

90. Plaintiff will fully and adequately protect the interests of the Rule 23 Nevada Class and she has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Nevada Class.

91. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nevada Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

92. This case will be manageable as a Rule 23 Class action. Plaintiff and their counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

93. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

94. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Nevada Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nevada Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

COUNT I
(29 U.S.C. § 216(b) Individual Claim)
Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
**FAILURE TO PAY OVERTIME**

95. Plaintiff re-alleges and incorporates all previous paragraphs herein.

96. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

97. Plaintiff regularly worked over forty (40) hours a week as required by Defendant.

98. Defendant failed to pay Plaintiff for time spent performing pre-shift and post-shift work at time and a half (1.5) of Plaintiff's regular rate of pay in workweeks where Plaintiff worked over forty (40) hours.

99. In addition, Defendant failed to incorporate compensation paid to Plaintiff as shift differential into her regular rate of pay, for purposes of calculating her hourly overtime rate.

100. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

101. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

102. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### **29 U.S.C. § 201, et seq. -- FAILURE TO PAY OVERTIME**

103. Plaintiff re-alleges and incorporates all previous paragraphs herein.

104. At all times relevant to this action, Defendant required Plaintiff and FLSA collective members to perform pre-shift and post-shift work, but failed to pay these employees the federally mandated overtime compensation for all services performed.

105. The preliminary off-the-clock work performed by Plaintiff and the FLSA collective members every session is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

106. In workweeks where Plaintiff and the FLSA collective members worked 40 hours or more, the uncompensated pre-shift and post-shift work should have been paid at the federally mandated rate of time and a half of each employee's regularly hourly wage. 29 U.S.C. § 207.

107. In addition, Defendant failed to incorporate compensation paid to Plaintiff and the FLSA collective members as shift differentials into their regular rates of pay, for purposes of calculating their hourly overtime rates.

108. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined Dispatcher's pre-shift and post-shift work and Defendant could have properly compensated Plaintiff and the FLSA collective members for the work they performed, but did not.

109. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT III
## (Nev. Rev. Stat. Ann. § 608.016, Individual Claim)
## **PAYMENT FOR EACH HOUR WORKED**

110. Plaintiff re-alleges and incorporates all previous paragraphs herein.

111. N.R.S. § 608.016 provides:

> [A]n employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period.

112. Plaintiff regularly performed pre-shift work including setting up their work stations, booting up their computer, logging into the company phone system, and initiating certain software applications necessary to begin their call center duties.

113. Plaintiff regularly spent time working after her shift ended performing general duties until her replacement arrived to handoff their assignment.

114. Defendant's policies and practices deprived Plaintiff of wages owed for the preliminary work activities described above and post-shift work.

115. As a result of the foregoing, Plaintiff was illegally denied proper compensation, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages and reasonable attorneys' fees and costs pursuant to N.R.S. § 608.140.

COUNT IV
(Nev. Rev. Stat. Ann. § 608.018, Individual Claim)
**FAILURE TO PAY OVERTIME**

116. Plaintiff re-alleges and incorporates all previous paragraphs herein.

117. N.R.S. § 608.018(2) provides:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

118. Plaintiff regularly worked over forty (40) hours a week as required by Defendant.

119. Defendant failed to pay Plaintiff for the time spent performing pre-shift and post-shift work at the state mandated overtime compensation at a rate not less than time-and-a-half (1.5) of Plaintiff's regular rate of pay for hours worked in excess of forty (40) in a workweek.

120. In addition, Defendant failed to incorporate compensation paid to Plaintiff as shift differentials into her regular rate of pay, for purposes of calculating her hourly overtime rate.

121. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages and reasonable attorneys' fees and costs pursuant to N.R.S. § 608.140.

COUNT V
(Nev. Rev. Stat. Ann. § 608.016, Rule 23 Class Action)
**PAYMENT FOR EACH HOUR WORKED**

122. Plaintiff re-alleges and incorporates all previous paragraphs herein.

123. All members of the Rule 23 Nevada Class are entitled to their regular wages pursuant to Nevada's wage and hour laws, N.R.S. § 608.016.

124. Plaintiff and members of the Rule 23 Nevada Class regularly performed pre-shift work including setting up their work stations, booting up their computer, logging into the

company phone system, and initiating certain software applications necessary to begin their call center duties.

125. Plaintiff and members of the Rule 23 Nevada Class regularly spent time working after their shifts ended performing general duties until their replacements arrived to handoff their assignment.

126. Defendant's policies and practices deprived Plaintiff and members of the Rule 23 Nevada Class of wages owed for the preliminary work activities and post-shift work described above.

127. As a result of the foregoing, Plaintiff and members of the Rule 23 Nevada Class were illegally denied proper compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages and reasonable attorneys' fees and costs pursuant to N.R.S. § 608.140.

COUNT VI
(Nev. Rev. Stat. Ann. § 608.018, Rule 23 Class Action)
**FAILURE TO PAY OVERTIME**

128. Plaintiff re-alleges and incorporates all previous paragraphs herein.

129. All members of the Rule 23 Nevada Class are entitled to their overtime wages pursuant to Nevada's wage and hour laws, N.R.S. § 608.018.

130. Defendant violated Nevada law, N.R.S. § 608.018, by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Nevada Class for the spent performing pre-shift and post-shift work at the state mandated overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek.

131. In addition, Defendant failed to incorporate compensation paid to Plaintiff and the Rule 23 Nevada Class members as shift differentials into their regular rates of pay, for purposes of calculating their hourly overtime rates.

132. As a result, Plaintiff and the Rule 23 Nevada Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Nevada Class are

entitled to recover unpaid wages owed, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. § 608.140.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Ebony Howard, respectfully requests that this Court grant the following relief against Defendant:

a. A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.;

b. A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Nev. Rev. Stat. Ann. §§ 608.016, 608.018;

c. An Order for injunctive relief ordering Defendant to comply with the FLSA and N.R.S. and end all of the illegal wage practices alleged herein;

d. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count II);

e. Certifying this action as a class action (for the Rule 23 Nevada Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count IV);

f. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

g. An order authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing

of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

h. An order designating Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

i. An order designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

j. Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

k. Judgment for damages for all unpaid overtime compensation and pre-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the violated N.R.S. §§ 608.016 and 608.018;

l. An incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

m. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

n. Declaring Defendant violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

o. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and N.R.S.;

p. Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

q. Awarding such other and further relief as this Court deems necessary, just and proper.

**JURY DEMAND**

Plaintiff, Ebony Howard, individually and on behalf of all other FLSA collective and Rule 23 Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above claims.

DATED June 7, 2018

**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**

By: *__/s/ Don Springmeyer__*
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

*Local Counsel for Plaintiff*

Jason T. Brown (Pro hac to be submitted)
Nicholas Conlon (Pro hac to be submitted)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*