1 | **WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
2 | Nevada Bar No. 1021
Bradley S. Schrager
3 | Nevada Bar No. 10217
3556 E. Russell Road, Second Floor
4 | Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
5 | dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Jason T. Brown (*Pro Hac Vice to be submitted*)
Nicholas Conlon, *Admitted Pro Hac Vice*
JTB LAW GROUP, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
Lead Counsel for Plaintiff

*Counsel for Plaintiffs*

**JACKSON LEWIS P.C.**
Eric Magnus, *Admitted Pro Hac Vice*
Georgia Bar No. 801405
Deverie J. Christensen
Nevada Bar No. 6596
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 921-2460/Fax: (702) 921-2461
Elayna.Youchah@jacksonlewis.com
*Counsel for Defendant*
*Southwest Gas Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **EBONY HOWARD,** individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SOUTHWEST GAS CORPORATION,**<br><br>Defendant. | Case No: 2:18-cv-01035-JAD-VCF<br><br>**STIPULATION AND ORDER TO:**<br>(1) **STAY ENTIRE CASE PENDING MEDIATION BY THE PARTIES;**<br>(2) **STAY ALL PENDING DEADLINES, INCLUDING DEFENDANT'S DEADLINE TO ANSWER THE COMPLAINT; and,**<br>(3) **TOLL FLSA LIMITATIONS PERIOD**<br><br>**(Second Request)**<br><br>Complaint Filed: June 7, 2018<br><br>ECF No. 16 |

Defendant Southwest Gas Corporation ("Defendant"), and Plaintiff, Ebony Howard, individually and on behalf of all others similarly situated ("Plaintiff"), by and through their respective undersigned counsel, agree and stipulate to entry of an Order staying the present litigation pending the outcome of mediation, staying all pending deadlines, including the deadline for Defendant to respond to Plaintiff's complaint, and tolling the FLSA limitations period for putative collective action members who have not already filed consents to join the case. In support of this stipulation, Plaintiff and Defendant state the following:

## RECITALS

1. On June 7, 2018, Plaintiff EBONY HOWARD ("Plaintiff") filed a putative class and collective action complaint in the United States District Court, District of Nevada (the "Complaint"). The Complaint names SOUTHWEST GAS CORPORATION ("Defendant" or "SGC") as the sole Defendant and asserts the following three causes of action: (1) Failure to Pay Overtime in Violation of the Fair Labor Standards Act ("FLSA"); (2) Failure to Pay For Each Hour Worked pursuant to Nev. Rev. Stat. Ann. § 608.016; and (3) Failure to Pay Overtime in Violation pursuant to Nev. Rev. Stat. Ann. § 608.018 (the "Complaint").

2. Defendant was served with a summons on June 8, 2018. Pursuant to the Federal Rules of Civil Procedure and Nevada Local Rules, SGC's deadline to file a responsive pleading was June 29, 2018.

3. On June 22, 2018, the parties filed a stipulation requesting the Court enter an order staying the proceedings for thirty (30) days to allow for the exchange of information and documents bearing on the claims and defenses at issue herein to avoid potentially unnecessary motion practice and further expenditure of resources; extending the time for SGC to file a responsive pleading to the Complaint to seven (7) days after the expiration of the stay; and tolling the statute of limitations for putative collective and class action members for thirty (30) days.

4. The Court granted the parties stipulation and entered an Order on June 29, 2018. The original stay expired on July 30, 2018, and SCG's response to the Complaint is currently due on August 6, 2018.

5. The Parties have conferred in good faith regarding the scope of the case and how to attempt to efficiently resolve it. As a result of these discussions, and in an effort to avoid unnecessary expense and resources, the Parties have agreed to attempt mediation of this case before proceeding further in litigation.

6. To afford the Parties time to effectively prepare for mediation, the Parties agree to a stay of all discovery and all other deadlines, including SGC's deadline to respond to the Complaint. However, the Parties agree to the exchange of reasonable informal discovery necessary for mediation. The Parties will promptly meet and confer on what reasonable data is necessary to produce in order for the Parties to effectively calculate and extrapolate damages for all putative class members.

7. The Parties agree to toll the FLSA statute of limitations for the period of the stay for putative collective action members who have not already filed consents to join this case. The Parties have already entered into an Amendment to Tolling Agreement, amending their prior Tolling Agreement to toll the FLSA statute of limitations to putative collective action members who have not already filed consents to join this case.

8. Within 7 days of the completion of mediation, the Parties will either notify the Court of a resolution, or, if the case is not resolved, request a status conference to set further deadlines, including deadlines for Defendant to respond to the Complaint and for discovery. Upon the Parties notification to the Court that the case has not resolved, the FLSA tolling period will end.

9. This Stipulation is not made for the purposes of delay and is made in good faith by the Parties in an effort to efficiently handle this action.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between

Plaintiffs and Defendant, through their respective undersigned counsel of record, as follows:

1. This action is stayed in its entirety pending mediation; and
2. The limitations period for the claims under the FLSA of putative collective and class action members who have not already filed consents to join this case shall be tolled until such time as the Parties inform the Court that mediation has failed.

IT IS SO STIPULATED.

DATED: August 3, 2018

**PLAINTIFFS' ATTORNEYS**
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

*/s/ Don Springmeyer*
*On behalf of Plaintiffs and Plaintiffs' Attorneys*

DATED: August 3, 2018

**DEFENDANT'S ATTORNEYS**
**JACKSON LEWIS P.C.**

*/s/ Deverie J. Christensen*
*On behalf of Defendant and Defendant's Attorneys*

## ORDER

IT IS HEREBY ORDERED :

1. This action is stayed in its entirety pending mediation; and
2. The limitations period for the claims under the FLSA of putative collective and class action members who have not already filed consents to join this case shall be tolled until such time as the Parties inform the Court that mediation has failed.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 20, 2018